FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2007 JAN 12 PM 2:07

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

CASE NO: 6:07cv 64-Orl-22 DAB

MARY HUFF,

    Plaintiff,

vs.

ECOLAB, INC., a foreign corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Mary Huff (hereafter "Huff"), by and through counsel, hereby sues Defendant, Ecolab, Inc. (hereafter "Ecolab"), and alleges as follows:

### Nature of Action

1. This is an action for recovery of unpaid overtime compensation owed to Huff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA").

### Jurisdiction and Venue

2. Jurisdiction in this Court is proper as Huff's claims are brought pursuant to the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA [29 U.S.C. 216(b)].

3. The acts and omissions that give rise to this action occurred in Seminole County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b).

## Parties

4. At all times material hereto, Huff was a resident of Lake County, Florida.

5. At all times material hereto, Ecolab was a foreign corporation doing business throughout the State of Florida, including Seminole County, Florida.

6. At all times material hereto, Ecolab employed two or more employees, including Huff, who regularly were and are engaged in commerce.

7. At all times material hereto, Ecolab had annual gross sales or business of no less than $500,000.00. By reason of the foregoing, Ecolab was and is an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA.

8. At all times material hereto, Ecolab acted directly or indirectly in the interest of an employer in relation to Huff. Ecolab was therefore an employer within the meaning of § 3(d) of the FLSA.

## COUNT I: UNPAID OVERTIME COMPENSATION

9. Huff hereby incorporates paragraphs 1 through 8 by reference.

10. Huff began working for Ecolab in November 2003 as a "Route Manager."

11. Ecolab paid Huff a salary, along with commissions and bonuses related to her performance.

12. Notwithstanding her title, Huff did not manage the enterprise or any recognized subdivision of the enterprise, nor did she supervise two or more employees.

13. During the period commencing three years prior to the filing of this action (hereafter "the relevant period"), Huff worked in excess of forty (40) hours in several workweeks. Huff typically worked between seventy (70) and seventy-five (75) hours per workweek.

14. Huff was not requested or required to record her working hours while employed with Ecolab.

15. Huff did not receive one and one-half times her regular rate of pay (overtime compensation) for her hours worked in excess of forty (40) each workweek.

16. Ecolab's denial of overtime compensation to Huff and others employed in the same or similar positions was apparently grounded upon its belief that the position was exempt from the overtime requirements of the FLSA. However, in Neely, et al. v. Ecolab, Inc., a case brought by a group of employees in 2003, the U.S. District Court for the Middle District of Florida denied a motion for summary judgment, finding that Ecolab had failed to establish that any exemption applied. This ruling was issued June 2004.

17. Notwithstanding the Court's ruling in Neely, Ecolab continued to deny Huff overtime compensation until her separation from employment in July 2005, and made no effort to compensate Huff for her uncompensated overtime hours worked prior to June 2004.

18. As a direct and proximate result of Ecolab' refusal to allow Huff to fully report her hours and its failure to compensate her for overtime hours worked during the relevant period, Huff has been damaged in the loss of overtime wages, and she has incurred and is incurring costs and reasonable attorney's fees.

18. Ecolab denied Huff overtime compensation in bad faith and without any legal justification. Consequently, Huff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

19. Ecolab willfully violated the FLSA, thereby extending the statute of limitations and period of liability from two years to three years.

WHEREFORE, Huff demands judgment against Ecolab for compensatory damages (unpaid overtime compensation), liquidated damages and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

Huff further demands trial by jury on all issues so triable.

Date: January 12, 2007

Respectfully submitted,

_____
Michael J. Farrell, Esq.
Florida Bar No. 0053228
David H. Spalter, Esquire
Florida Bar No. 966347
Jill S. Schwartz & Associates, P.A.
180 North Park Avenue, Suite 200
Winter Park, Florida 32789
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
Email: mfarrell@schwartzlawfirm.net

Attorneys for Plaintiff