UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |  |
|---|---|---|
| MARY HUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 6:07-cv-64-Orl-22 DAB |
| | ) | |
| ECOLAB, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, MARY HUFF ("Plaintiff"), and Defendant, ECOLAB, INC. ("Defendant"), through their undersigned counsel and pursuant to the Court's June 18, 2007 Order (Dkt. 21) and Local Rules 3.01 and 3.08, M.D. Fla., move this Court for entry of an Order approving the settlement of the above-captioned lawsuit and dismissing this case, with prejudice. In support hereof, Plaintiff and Defendant state:

1.    Plaintiff commenced this action against Defendant on January 12, 2007.

2.    Plaintiff and Defendant have agreed to settle this matter. The terms of the settlement are set forth in the Settlement Agreement and General Release ("Agreement"), which is attached hereto as Exhibit "A." As noted in Section 5 of the attached Agreement, upon payment of the settlement sum, all claims by Plaintiff for compensation, wages,

bonuses, commissions and/or benefits shall be deemed fully compromised, and Plaintiff shall not thereafter seek any additional sum.

        3.      Plaintiffs and Defendant agree that the settlement is a fair and reasonable resolution of a bona fide dispute over Fair Labor Standards Act ("FLSA") issues and that this matter should be dismissed with prejudice.

## MEMORANDUM OF LAW

        When settling disputes under the FLSA, the parties must submit their agreed-upon settlement to the Court for a determination as to whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *See generally Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). Plaintiffs and Defendant agree that the settlement, the terms of which are set forth in Exhibit "A" hereto, is a fair and reasonable resolution of a bona fide dispute over FLSA issues. Further, the parties agree this matter should be dismissed with prejudice.

        WHEREFORE, Plaintiff and Defendant respectfully move this Court for entry of an Order (i) granting this Motion; (ii) approving the settlement of this matter; (iii) dismissing this matter with prejudice; and (iv) granting such further relief as the Court deems appropriate.

DATED this 5th day of July, 2007.

Respectfully submitted,

JILL S. SCHWARTZ & ASSOCIATES,
P.A.
180 North Park Avenue, Suite 200
Winter Park, Florida 32789
Telephone:     (407) 647-8911
Facsimile:     (407) 628-4994


By:   /s/ *Michael J. Farrell*
        Michael J. Farrell
        Florida Bar No. 0053228

        David H. Spalter
        Florida Bar No. 966347

Attorneys for Plaintiff, MARY HUFF

JACKSON LEWIS LLP
390 North Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida 32802-3389
Telephone:     (407) 246-8440
Facsimile:     (407) 246-8441


By:   /s/ *Keith L. Hammond*
        Donald C. Works, III
        Florida Bar No.  340308

        Keith L. Hammond
        Florida Bar No. 164798

Attorneys for Defendant, ECOLAB INC.

# EXHIBIT "A"

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| MARY HUFF,<br><br>        Plaintiff,<br><br>vs.<br><br>ECOLAB, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)    **CASE NO. 6:07-cv-64-Orl-22 DAB**<br>)<br>)<br>)<br>)<br>) |

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made this 2nd day of July 2007, by and between MARY HUFF ("Plaintiff") and ECOLAB, INC. ("Defendant").

WHEREAS, Plaintiff instituted the above-referenced case in the United States District Court, Middle District of Florida, Orlando Division; and

WHEREAS, Plaintiff filed EEOC Charge No. 510-2006-02101 against Defendant, which is pending before the Equal Employment Opportunity Commission; and

WHEREAS, Plaintiff has indicated her intention to amend her Complaint or otherwise file suit to pursue the claims set forth in EEOC Charge No. 510-2006-02101; and

WHEREAS, Defendant denies liability herein and any wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

1.    **RECITALS**.    The foregoing recitals are true and correct and are incorporated herein by this reference.

2.    **RETURN OF PROPERTY**.  Plaintiff represents that, as of the date of this Agreement, she has returned any and all documents, lists, data, confidential information, trade secrets, equipment or other property in her possession belonging to Defendant.

3.    **GENERAL RELEASE OF CLAIMS**.

a.    This Agreement shall constitute a waiver and release of all claims Plaintiff might have under federal, state or local law (including, but not limited to, actions for compensatory damages, pain, suffering and emotional distress) against Defendant.

b.    Plaintiff shall withdraw, in writing and with prejudice, any and all actions or proceedings that she has filed against Defendant.  Specifically, Plaintiff shall dismiss the above-styled case, with prejudice, by causing her counsel (i) to file or agree to the filing of a Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice and (ii) to withdraw EEOC Charge No. 510-2006-02101 within twenty-four (24) hours of her counsel-of-record's receipt of the settlement proceeds, which are to be paid in accordance with the terms of this Agreement.

c.    Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and

2

insurers, and their past, present and future directors, officers, shareholders, members, employees,

agents, insurers and attorneys both individually and in their capacities as directors, officers,

shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of

and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or

undisclosed, against any of the Releasees which Plaintiff has or might have as of the date of

execution of this Agreement, including, but not limited to, any claims arising out of or in any

way connected with Plaintiff's employment with Defendant.  Such claims include, but are not

limited to, any claim that has been, could have been or could be alleged under:

- Title VII of the Civil Rights Act of 1964, as amended;

- The Civil Rights Act of 1991;

- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;

- The Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act, as amended;

- The Americans with Disabilities Act of 1990 (the "ADEA"), as amended;

- The Age Discrimination in Employment Act of 1967, as amended;

- The Worker Adjustment and Retraining Notification Act, as amended;

- The Occupational Safety and Health Act, as amended;

- The Sarbanes-Oxley Act of 2002;

- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;

- Florida's Private-Sector Whistle-blower's Act – Fla. Stat. § 448.101, et seq.;

- Florida's Public-Sector Whistle-blower's Act – Fla. Stat. § 112.3187, et seq.;

3

- Florida's Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;

- Florida's Statutory Provision Regarding Wage Rate Discrimination Based on Sex – Fla. Stat. § 448.07;

- The Florida Equal Pay Act – Fla. Stat. § 725.07;

- The Florida Omnibus AIDS Act – Fla. Stat. § 760.50;

- Florida's Statutory Provisions Regarding Employment Discrimination on the Basis of and Mandatory Screening or Testing for Sickle-Cell Trait – Fla. Stat. §§ 448.075, 448.076;

- Florida's Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;

- Florida's General Labor Regulations, Fla. Stat. ch. 448;

- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

- Any public policy, contract, tort, or common law; or

- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

    4.    **SETTLEMENT SUMMARY**.

        a.    Within ten (10) business days after the latest of: (i) Plaintiff's delivery to Defendant's counsel of an executed original of this Agreement and W-9 forms executed by Plaintiff and Plaintiff's counsel and (ii) the Court's approval of this Agreement, then, in consideration of the matters set forth herein, Defendant shall pay to Plaintiff the total sum of Twenty Five Thousand Dollars and Zero Cents ($25,000.00) (hereinafter "Settlement Sum") less applicable deductions as described below. Such Settlement Sum shall be allocated as follows:

- $3,500.00, made payable to Mary Huff, as and for alleged unpaid overtime, back pay and/or front pay allegedly due Mary Huff, which amount shall be

4

subject to deductions or withholding and for which an IRS Form W-2 shall issue to Mary Huff;

- $9,489.63, made payable to Mary Huff, as and for alleged liquidated and/or compensatory damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Mary Huff; and

- $12,010.37, made payable to Jill S. Schwartz & Associates, P.A., as attorneys' fees and costs and for which separate IRS Forms 1099 shall issue to Mary Huff and Jill S. Schwartz & Associates, P.A.. *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

Plaintiff understands and acknowledges that she would not receive the payments specified in this paragraph, except for her execution of this Agreement, including the General Release contained herein, and her fulfillment of the promises contained herein.

        b.     Defendant makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or her attorney under the terms of this Agreement.

        5.     **AFFIRMATIONS**. Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Defendant in any forum or form, except Case No. 6:07-cv-64-Orl-22DAB, pending in the United States District Court, Middle District of Florida, and EEOC Charge No. 510-2006-02101. Plaintiff further affirms that she has reported all hours worked as of the date of this release and, upon payment of the Settlement Sum, will have been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other

leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to her. Plaintiff furthermore affirms that she has no known workplace injuries or occupational diseases, has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act and has not been retaliated against for taking such leave. Plaintiff acknowledges that because of circumstances unique to her including, but not limited to, irreconcilable differences with Defendant, she is not qualified to hold any position with Releasees, as defined in Paragraph 3.c, above, now or in the future and, therefore, shall not apply in the future for employment with Releasees. If Plaintiff does apply for employment with or is hired by Releasees in the future, Plaintiff shall be subject to immediate termination. This is a negotiated, non-retaliatory settlement term.

      6.    **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendant of any liability, unlawful conduct of any kind or violation by Defendant of the laws identified in paragraph 3 herein.

      7.    **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges that she is aware that she is giving up all claims she may have against Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates and insurers, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys. Plaintiff acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has consulted with her counsel-of-record, Michael J. Farrell, Esquire and David H. Spalter, Esquire, prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

8.      **WAIVER OF JURY TRIAL**. Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims arising in connection with the facts underlying Plaintiff's claims and/or this Agreement.

9.      **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

10.     **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court, Middle District of Florida.

11.     **ENTIRE AGREEMENT.**   This Agreement sets forth the entire agreement between Plaintiff and Defendant, and it supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties.   Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this Agreement.

12.     **AMENDMENTS**.   This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13.     **PLAINTIFF IS HEREBY ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT AND**

7

GENERAL RELEASE AND TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND GENERAL RELEASE.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND GENERAL RELEASE DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND GENERAL RELEASE, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH "4"ABOVE, MARY HUFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST ECOLAB, INC.

8

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY**
**AND KNOWINGLY.**

Dated: 6 / 29 , 2007                  
                                      MARY HUFF

STATE OF FLORIDA        )

COUNTY OF Orange        )

    SWORN TO AND SUBSCRIBED before me this 27 day of June, 2007, by Mary Huff, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

[Remainder of page left blank intentionally]

Notary Public State of Florida
Michael J Augello
My Commission DD573205
Expires 07/12/2010

9

Dated: _July 2_, 2007                    ECOLAB, INC.

By: _____
       James R. Rollwagen, Esquire
       Senior Corporate Counsel

10